Nichols, C. J.
The testimony in the case shows that the testatrix died seized of real estate of the approximate value of $4,000, and chattel property, exclusive of the money in dispute, of a value less than $50.
The executor maintains that, viewing the will as a whole, it cannot be said that the testatrix intended to bequeath the $320 found in the bureau to the defendant in error, while the legatee mentioned in item 2 just as strongly contends that the plain and unambiguous meaning of the term “contents” is of such a character as to carry all the bureau might contain, whether it be wearing apparel, notes, credits, moneys, or what not.
No direct authority can be found in Ohio which will aid the court in its interpretation of the dispute which construe substantially similar expressions, in question, although in other jurisdictions, both in England and the United States, cases are not few *164 In volume 51 of the Connecticut Reports, at page 569, in 'the case of Webster v. Wiers, the courc holds: “A testatrix made the following bequest:— “I give to M. all my household' effects, books and' papers of value, and everything the house contains/' * * * Held: Not to include a promissory note of $100, and a savings bank book with deposits of $2,500 represented by ft, which belonged to the testatrix and were found among her papers in her dwelling house immediately after her death.”
Park, C. J., in his opinion in this case, at page 575 says: “It seems clear to us that the articles intended were clearly household effects, such articles as were kept for household and family use. It is true that she uses, at the close of the bequest, the sweeping expression, ‘and everything the house contains.’ * * * It would be a very unnatural thing that a ’ testator should describe such property, and of such value, merely as household effects and as a part of all the house contained. * * * It is hardly credible that a particular allusion to them should not have been made if she had intended to embrace them in the bequest.”
In the case of Gibbs v. Lawrence, 7 Jur., N. S., 137, Vice Chancellor Woods, a jurist of great learning and high repute, held that a bequest of' “all and singular my household furniture, plate, linen, china, pictures, and other the goods, chattels, and effects which shall be in, upon or about my dwelling-house and premises at the time of my decease,” would not include a sum of money .(in that case 400 pounds) found in the house.
Consulting some of the leading text-writers on *165 will construction, we find it to be an established course of interpretation that it is a rule of presumption, especially in clauses not residuary, that where a more general description is coupled with an enumeration of things, the description shall cover only things of the same kind; and doubtless words of a general description may, by due regard to the context, be considered as limited by an attempt at particular description.
But let us disregard for the moment all case law on the subject, and also the general rules of construction excepting the most important rule, “that all the words of the will are to be taken into view and not a part of them only; as every word is employed to develop the intention of the testator and all of them taken in connection exhibit a transcript of his mind,” and so invoking this cardinal rule, we are irresistibly forced to the conclusion that this aged colored woman did not have the remotest idea of bequeathing to Sadie Harris the money found in the bureau.
A reading of the instrument, a consideration of the circumstances surrounding the testatrix at the time of the execution of the instrument, together with the exercise of a knowledge of human nature, forbid the conclusion that the testatrix wished, to bequeath this money in this manner.
The very great detail to which the testatrix resorts in the matter of enumeration of the various articles she specifically bequeaths demonstrates that she in common with the older people of her race and condition held little things, even old trumpery, in high esteem.
*166 Is it not unreasonable to believe that she would bequeath and specifically mention “window blinds, washtub and board, baskets, crocks and jars,” and leave unmentioned, except under the general head of “the contents of a bureau,” the sum of $320 in money, which exceeded by nearly sevenfold the total value of all her other chattels ? And is it not equally incredible that she would employ five of the nine items of her will to dispose of her chattels, of a less value than $50, and not regard the bequest of $320 in money of sufficient moment to justify a line at least for its disposal ?
The will speaks eloquently in its wealth of detail in proof of the fact that the aged woman felt that die littlest article which she owned was of sufficient mportance to have a place in her will.
Under all these circumstances we feel that it would be doing violence to the intention of the tesatrix to pass title to this money under the poor and meager description of “the contents of a bureau,” and it must be held as passing to the next of. kin, the residuary legatees mentioned in item 9 of the will.

Judgment reversed.

Shauck, Johnson, Newman and Wilkin, JJ., concur.